UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **ERMA WILSON** | § |
| | § |
| **VS.** | § NO: 7:22-CV-00085 |
| | § |
| **MIDLAND COUNTY, TEXAS** | § |
| **WELDON "RALPH" PETTY, JR.,** | § |
| **sued in his individual capacity, and** | § |
| **ALBERT SCHORRE, JR., sued in his** | § |
| **individual capacity** | § |

## DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW DEFENDANTS MIDLAND COUNTY, TEXAS, ("Midland County" or the "County") and WELDON "RALPH" PETTY, JR. ("Petty") (collectively "Defendants"), and file this motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support hereof, Defendants would respectfully show the Court as follows:

## I.
## INTRODUCTION

The Court should dismiss Plaintiff's claims. Over twenty years ago, Plaintiff was convicted of a second-degree felony, possession of a controlled substance, to-wit, cocaine. Despite her conviction, Plaintiff purportedly maintains her innocence. Plaintiff now attempts to turn this belief to cash by suing Defendants for money damages and certain "declaratory" belief. Plaintiff, however, has yet to obtain a finding in her favor that overturns her felony conviction.

Defendants move to dismiss Plaintiff's claims in their entirety. Plaintiff's complaint is a collateral attack against her felony conviction, which has never been overturned. As such, she is barred from pursuing her claims by *Heck v. Humphrey*. Plaintiff's claims are also subject to dismissal because Plaintiff cannot demonstrate that Defendants' alleged actions, if any, caused the

1

complained of harm, i.e., her alleged wrongful conviction. The Court should dismiss Midland County from the case because the County was not the "moving force" of any alleged violation. Petty should be dismissed because he is immune from suit. Dismissal is also proper because Plaintiff's "due process" claims have either not accrued or, if they did, the claims are barred by limitations. Accordingly, a dismissal of Plaintiff's complaint is warranted.

## II.
## STANDARDS

### A.      Rule 12(b)(6) Motion to Dismiss

Dismissal for failure to state a claim "turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346, 347 (2014) (per curiam)). To survive a motion to dismiss on the pleadings, a complaint must provide enough facts to state a claim for relief that is plausible on its face. *Jebaco, Inc. v. Harrah's Operating Co.,* 587 F.3d 314, 318 (5th Cir. 2009). The complaint must allege more than "labels and conclusions," for example, "a formulaic recitation of the elements of a cause of action will not do," and, finally, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The Court "does not strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Emmons v. Painter*, MO:20-CV-00185-DC, 2021 WL 2832977, at *5 (W.D. Tex. May 23, 2021) (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,* 365 F.3d 353, 361 (5th Cir. 2004) while reviewing claims asserted under § 1983)). Moreover, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Jones v. Gonzales*, MO-12-CV-00005, 2013 WL

12130358, at *5 (W.D. Tex. Feb. 28, 2013) (Counts, J.) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)), *report and recommendation adopted*, MO-12-CV-005, 2013 WL 12131200 (W.D. Tex. Mar. 20, 2013).

### B. Judicial Notice

Although a motion to dismiss is generally restricted to a plaintiff's pleadings, courts may rely on "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) (citing 5B Wright & Miller § 1357 (3d ed.2004 and Supp.2007). For example, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *see, e.g., Valdez Hernandez v. FCI La Tuna*, EP-19-CV-112-PRM, 2019 WL 1925897, at *1, n.2 (W.D. Tex. Apr. 30, 2019) ("The Court takes judicial notice of the docket and records of Petitioner's conviction in his criminal case" (citing Fed. R. Evid. 201(B)(2), (c)(1)). Accordingly, Defendants respectfully request the Court to take judicial notice of Plaintiff's underlying state criminal proceedings, some of which have been incorporated by reference into Plaintiff's pleadings.

### C. Municipal Liability

A municipality such as Midland County may be liable under Section 1983 only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). No vicarious liability exists under § 1983. *City of Canton v. Harris*, 489 U.S. 489 U.S. 378, 385 (1989) ("*Respondeat superior* or vicarious liability will not attach under § 1983.").

A plaintiff must show all elements of the "*Monell* test," that is: (1) an official policy (2) promulgated by the municipal policymaker (3) that was the moving force behind the violation of

a constitutional right. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *see also James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009).

An official policy or custom is often defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*See Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). "[I]solated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Therefore, a plaintiff basing liability on a county's "custom" must show a pattern of "sufficiently numerous prior incidents" that are both similar and specific, as opposed to only "isolated instances." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009) (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)).

This standard is a stringent one and operates "to prevent a collapse of the municipal liability inquiry into a *respondeat superior* analysis." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown,* 520 U.S. 397, 415 (1997)). "Municipal liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation." *Id.* (citing *City of Canton, Ohio v. Harris,* 489 U.S. 378, 391-92 (1989)). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Brown*, 520 U.S. at 404. A plaintiff meets

the culpability showing *only if* the municipality promulgated a policy with deliberate indifference to the "known or obvious consequences" that constitutional violations would result. *Id.* at 407.

Similarly, to establish liability under Section 1983 for a failure to train, a plaintiff must demonstrate that (1) the municipality adopted inadequate training, supervision, or hiring procedures, (2) the municipality acted with deliberate indifference in doing so, and (3) the inadequate policies or procedures directly caused the plaintiff's injury. *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 1205–07, 103 L.Ed.2d 412 (1989); *Sanders–Burns v. City of Plano,* 594 F.3d 366, 381 (5th Cir. 2010). Mere negligence or even gross negligence is not enough; "a plaintiff usually must demonstrate a pattern of [constitutional] violations and that the inadequacy of the training [or supervision] is obvious and obviously likely to result in a constitutional violation." *Estate of Davis v. City of N. Richland Hills,* 406 F.3d 375, 381 (5th Cir.2005) (quotation marks omitted).

A "pattern of similar constitutional violations by untrained [or unsupervised] employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of [a claim for] failure to train [or supervise]." *Connick v. Thompson,* 563 U.S. 51, 62 (2011). Moreover, where training, supervision, or hiring procedures are in place, courts require a plaintiff to demonstrate a failure to institute appropriate changes in training or supervision following a "pattern of similar violations." *See, e.g.*, *Escobar v. City of Houston*, CV 04-1945, 2005 WL 8165227, at *3 (S.D. Tex. Mar. 19, 2005) *(*comparing *Howard-Barrow v. City of Haltom City*, 2003 WL 21149661 *3 (N.D. Tex. 2003) (finding dismissal appropriate when complaint did not allege any previous similar incidents) *with Nebout v. City of Hitchcock*, 71 F. Supp. 2d 702, 706 (S.D. Tex. 1999) (denying a motion to dismiss when plaintiffs alleged the failure to institute appropriate changes in the training regimen

following a pattern of similar violations)).[1]  Examples of dissimilar incidents are not sufficient to establish a claim.  *Connick*, 563 U.S. at 63 ("Because those incidents are not similar to the violation at issue here, they could not have put Connick on notice that specific training was necessary to avoid this constitutional violation").

### III.
### ARGUMENTS AND AUTHORITIES

### 1.     *Plaintiff's Claims Are Barred by Heck v. Humphrey.*

The Court should dismiss Plaintiffs' claims because they are a direct attack against her criminal conviction.  Plaintiff lost her appeal almost twenty years ago.  Plaintiff never challenged her conviction by writ of habeas corpus.  Plaintiff cannot now, twenty years later, challenge her conviction through a § 1983 action.  But this is exactly what she attempts to do here.  Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey* and its progeny.

Under the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994), a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 486-87.  *Heck*'s progeny bars damage claims and claims for declaratory and injunctive relief that, if successful, would necessarily imply the invalidity of a conviction.  *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (interpreting *Heck* to prevent accrual of § 1983 claims that would necessarily imply the invalidity of convictions on pending criminal charges); *see also Allen v. Seiler*, No. 4:12-cv-414-

---

[1] *See also Yara v. Perryton Indep. Sch. Dist.*, 560 Fed. Appx. 356, 358–60 (5th Cir. 2014) ("Further, the Board could not have made a deliberate choice to disregard constitutional violations stemming from its failure to train or supervise because no violation had occurred in the first two years of the program. There was no pattern of constitutional violations such that the Board would have been more than grossly negligent for failing to train or supervise the high school staff.").

6

Y, 2013 WL 357614, at *2 (N.D. Tex. Jan. 30, 2013) ("The *Heck* opinion involved a bar to claims for monetary damages, but a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck*.").

Plaintiff's claims directly attack her conviction. In essence, Plaintiff seeks civil damages for a felony conviction upheld on appeal about twenty years ago. *See Wilson v. State*, No. 08-01-00319-CR, 2003 WL 1564237, at *3 (Tex. App.—El Paso Mar. 27, 2003, no pet.). This is improper. This claim is barred by *Heck v. Humphrey* and is, by definition, a "frivolous" claim. *See Lyons*, 74 F.3d at 102 ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)). The Court should dismiss all of Plaintiff's claims with prejudice until the *Heck* conditions are met, if ever. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

### 2. *The Texas Court of Criminal Appeals Has Not Invalidated Plaintiff's Felony Conviction.*

Although Plaintiff's complaint does not mention *Heck*, Plaintiff appears to rely upon the Texas Court of Criminal Appeals' decision in *Ex parte Young* to avoid a *Heck* bar. This is improper.

In *Ex parte Young*, the Texas Court of Criminal Appeals overturned a previous criminal conviction and sentence for an inmate on death row based on Petty's dual role and involvement in the convict's previous habeas proceedings. *See* No. WR-65,137-05, 2021 WL 4302528, at *4 (Tex. Crim. App. Sept. 22, 2021). *Ex parte Young* did not declare Plaintiff's conviction invalid. Instead, the Texas Court of Criminal Appeals has largely limited the result in *Ex parte Young* to the facts of that case. The Texas Court of Criminal Appeals refused to overturn other convictions despite Petty's alleged involvement and "dual role" with the proceeding. *See, e.g., Ex parte*

*Mitchell*, No. WR-14,430-13, 2022 WL 1021058, at *1 (Tex. Crim. App. Apr. 6, 2022) (holding the "Applicant's claims are refuted by the record."); *Ex parte Palacios*, No. WR-82,566-01, 2022 WL 946343, at *1 (Tex. Crim. App. Mar. 30, 2022) (same); *Ex parte Perez*, No. WR-88,939-01, 2022 WL 221463, at *1 (Tex. Crim. App. Jan. 26, 2022) (same). Further, in at least one case, the court found that Petty's mere dual employment did not even amount to a due process violation, as Petty was not involved in the initial habeas application. *Ex parte Wiley*, No. WR-68,213-06, 2022 WL 791707, at *1 (Tex. Crim. App. Mar. 16, 2022) ("After a review of the record, we find that Applicant's claims regarding judicial and prosecutorial misconduct involving former assistant district attorney Ralph Petty are without merit. There is no indication that Mr. Petty worked on this applicant's prior habeas application for the judge's office in this cause.").

Here, Plaintiff never even pursued a habeas proceeding, much less, one in which Petty was involved. Plaintiff's brings civil claims under § 1983, not a writ of habeas corpus. *Ex parte Young* is inapplicable to this case. This case should be dismissed as barred by *Heck v Humphrey*.

### 3.     *Plaintiff Cannot Show that She Suffered any Harm.*

Plaintiff's claims should also be dismissed because Plaintiff cannot show that she suffered any harm from any alleged violation. To establish an actionable claim under § 1983, Plaintiff must allege facts demonstrating that she suffered actual harm from the alleged violation. *Hendershott v. Strong*, 753 Fed. Appx. 320, 320-21 (5th Cir. 2019) (affirming dismissal of § 1983 claim where plaintiff "failed to show that he suffered actual harm" (citing *Lewis v. Casey*, 518 U.S. 343, 349–50 (1996)). Plaintiff cannot demonstrate any harm because she fails to allege how Petty's involvement caused her conviction.[2]

---

[2] This argument simultaneously reinforces the applicability of the *Heck v. Humphrey* bar by demonstrating that Plaintiff's requested relief is to award damages based on a valid conviction and sentence.

8

The only act Plaintiff appears to identify in her trial that was allegedly improperly influenced by Defendants was the trial court's denial of a motion to suppress. Plaintiff appears to claim that the denial of the motion to suppress resulted in the admission of evidence (cocaine found at the scene), which allegedly resulted in her improper felony drug conviction. *See generally* Doc. No. 1. While these are the type of "unwarranted deductions" the Court does not consider, Plaintiff's own allegations demonstrate that the harm identified was not caused by Defendants. *See Emmons v. Painter*, MO:20-CV-00185-DC, 2021 WL 2832977, at *5 (W.D. Tex. May 23, 2021).

While apparently blaming Defendants for the admission of the cocaine evidence, Plaintiff glosses over the reason the court of appeals did not consider Plaintiff's motion to suppress on appeal. In her complaint, Plaintiff states that she did not "properly preserve" the issue. *See* Doc. No. 1, ¶41. More accurately, the appellate court found that Plaintiff affirmatively waived any objection to the evidence. *Wilson v. State*, No. 08-01-00319-CR, 2003 WL 1564237, at *3 (Tex. App.—El Paso Mar. 27, 2003, no pet.) ("[W]hen the State offered the cocaine into evidence, defense counsel *affirmatively stated* 'no objection,' rather than merely making no objection to its admission . . . Appellant waived her right to complain on appeal about its admissibility"). In essence, Plaintiff's actions made the issue moot. Regardless of why the motion to suppress was denied or whether the decision was correct, Plaintiff withdrew her challenge to the evidence during the trial. Plaintiff cannot blame Defendants for the evidence's admission, much less, show that this was why she was convicted.

### 4. *Plaintiff Fails to Allege Any County Action.*

Plaintiff's claims against Midland County should be dismissed because Plaintiff fails to allege any facts that amount to an act by Midland County. To establish a claim against Midland

County, Plaintiff must identify a *county* policy that was the moving force behind the violation of a constitutional right.  *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Again, only *county* policymakers count for liability under *Monell*."  *Arnone v. County of Dallas County, Tex.*, 29 F.4th 262, 266 (5th Cir. 2022) (emphasis in original).  "Municipal liability requires deliberate action ***attributable to the municipality*** that is the ***direct cause*** of the alleged constitutional violation."  *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010) (emphasis added) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown,* 520 U.S. 397, 415 (1997)).  "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."  *Brown*, 520 U.S. at 404.

Plaintiff's claims should be dismissed because Plaintiff fails to identify *any* action by a *county* policymaker that was the *direct* cause of the alleged harm (the alleged wrongful conviction). It is not enough to identify that the county paid Petty or note that the Midland County Attorney approved Petty's payment as a law clerk.  "[S]ometimes a policymaker wears more than one hat."  *Arnone*, 29 F.4th at 266.  Hence, Plaintiff must "identify the level of government for which an official was acting when establishing the [alleged] policy that is relevant to the claims." *Daves v. Dallas County, Tex.*, 22 F.4th 522, 533 (5th Cir. 2022).  Plaintiff's allegations fail to do this.

Plaintiff's complaint of Petty's alleged dual role as prosecutor and law clerk in Plaintiff's criminal case does not implicate the County.  In each of these roles, Petty was not acting as a county official. As an assistant district attorney, Petty was an actor for the state.  As the Fifth Circuit recently discussed, "the Texas Constitution supports that the district attorney acts for the state" in their role as prosecutors in criminal cases. *See Arnone v. County of Dallas County, Tex.*,

10

29 F.4th 262, 268–69 (5th Cir. 2022). When Plaintiff alleges that Petty, as an assistant district attorney, participated in Plaintiff's underlying criminal proceedings, which is denied, such actions would be as a state actor participating in a criminal prosecution. Similarly, in his role as a law clerk, Petty was also acting as a state actor. It is axiomatic that district judges making rulings and entering orders in matters proceeding before the court are acting in their judicial function. *See Daves*, 22 F.4th at 540–41 (5th Cir. 2022). Plaintiff alleges that Petty allegedly violated her rights by acting as a law clerk to the district judge in her criminal case. To the extent Petty was involved in Plaintiff's underlying criminal case as a law clerk, which is denied, in that capacity, he was "assisting the judge in carrying out the former's judicial functions", as a state actor. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991).

Likewise, allegations regarding the County paying Petty as a law clerk and the County Attorney's opinion regarding such payment does not demonstrate a policy. Courts must examine the person's "function, not funding" because the person's function determines "whether an official is acting for the state or local government in a case brought pursuant to Section 1983." As shown above, Petty's function was acting on behalf of the state. Similarly, the Midland County Attorney's letter opinion regarding whether the County should pay Petty as a law clerk is not evidence of policy. In Texas law, the advice or opinion of a county attorney "has no force of law". Op. Tex. Att'y Gen. No GA-0604 (2008 (citing *Travis County v. Matthews*, 235 S.W.2d 691, 696 (Tex. Civ. App.—Austin 1950, writ ref'd n.r.e.)). Moreover, in such role, the county attorney is not acting as a policymaker for the county but fulfilling his statutory duties to advise county officials pursuant to Section 41.007 of the Texas Government Code. Tex. Gov't Code Ann. § 41.007. Plaintiff's reliance on a letter opinion issued by the Midland County Attorney does not establish a county policy. Plaintiff's municipal claims against Midland County should be dismissed.

### 5. *Petty is Absolutely Immune from Liability.*

Dismissal is also appropriate because Petty is absolutely immune from liability. As discussed above, based on Plaintiff's allegations, Petty either operated as an assistant district attorney prosecuting a case or as a law clerk assisting the judge in carrying out his judicial function. Whether sued as an officer of the court or as a prosecutor, Petty, in his individual capacity, is immune from suit. As a judge is entitled to immunity when carrying out judicial functions, the "judge's law clerk, when assisting the judge in carrying out the former's judicial functions, is likewise entitled to absolute immunity." *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). Similarly, a prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, that is, for actions taken in his role as an "advocate for the state" in the courts, or when his conduct is "intimately associated with the judicial phase of the criminal process." *See Hart v. O'Brien*, 127 F.3d 424, 439 (5th Cir. 1997), *abrogation on other grounds recognized by Spivey v. Robertson*, 197 F.3d 772, 775–76 (5th Cir. 1999). All claims asserted against Petty should be dismissed.

### 6. *Plaintiff's Claims Have Either Not Accrued or Are Barred by Limitations.*

Plaintiff's claims should also be dismissed because they have either not accrued or they are barred by limitations. Plaintiff generally alleges a Fourteenth Amendment "due process" violation, complaining about an unfair trial and post-trial deprivation of various liberty interests. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000); *Brooks v. George County, Mississippi*, 84 F.3d 157, 166 (5th Cir. 1996). In analyzing a claim for deprivation of procedural due process, the Court determines whether the plaintiff had a liberty interest entitled to procedural due process and, if so, what process was due. Thus, Plaintiff's claim that she did not receive a fair trial and was deprived of her liberty without due process of law falls under the analytical rubric of the Fourteenth Amendment's due process clause. *See Castellano v. Fragozo,* 352 F.3d 939, 959 (5th Cir. 2003).

While § 1983 provides Plaintiff her cause of action, "federal courts look to state's statute of limitations for personal-injury torts to decide when § 1983 claims toll." *Winfrey v. Rogers,* 901 F.3d 483, 492 (5th Cir. 2018) (citing cases). "In Texas, the applicable limitations period is two years." *Id.* (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) and citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)). The accrual date of § 1983 claims, however, is determined by federal law. *Id.* The accrual date depends on whether Plaintiff's claim more closely resembles one for false imprisonment or one for malicious prosecution. *Winfrey*, 901 F. 3d at 492. "A false-imprisonment claim is based upon detention without legal process" and beings to run when the claimant is detained. *Id.* In contrast, a malicious-prosecution claim is based upon "a detention accompanied by *wrongful institution* of legal process." *Id.* (internal quotations and alterations omitted, emphasis in original). These claims do not accrue "until the prosecution ends in the plaintiff's favor." *Id.* (internal quotations omitted).

Regardless of how Plaintiff characterizes her claims, they should be dismissed. If characterized as malicious prosecution claims (a wrongful institution of legal process), then the claim has not accrued as Plaintiff's legal process did not end in her favor. If characterized as a false-imprisonment claim, then Plaintiff's claims expired long ago.

While Plaintiff may claim she only recently discovered the alleged wrong, it is the discovery of the *injury* and not the wrong that determines when the claim accrues. *Valenzuela v. Univ. of Tex. at Austin*, No. 1:19-CV-1202-RP, 2022 WL 958386, at *3 (W.D. Tex. Mar. 30, 2022) ("[U]nder federal law, a claim accrues and the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."). Plaintiff's "injury", if framed as a wrongful detainment, occurred *years*

ago, and Plaintiff's allegations establish no basis to apply tolling. Plaintiff's claims should be dismissed.

## IV.
## CONCLUSION

For each of the reasons asserted herein, the Court should dismiss each of Plaintiff's claims. Further, Defendant Petty, to the extent necessary, also asserts the defense of qualified immunity to the extent absolute immunity does not apply and requests for dismissal on such grounds to the extent applicable. Defendants further request for such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ R. Layne Rouse
R. LAYNE ROUSE
State Bar No. 24066007
lrouse@shaferfirm.com
MILES NELSON
State Bar No. 14904750
mnelson@shaferfirm.com

**SHAFER, DAVIS, O'LEARY & STOKER**
P.O. Drawer 1552
Odessa, TX 79760-1552
(432) 332-0893
(432) 333-5002 – Facsimile

**ATTORNEYS FOR THE MIDLAND COUNTY DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of this document has been filed via the Court's electronic filing system and, by such, is being served on this 4th day of May, 2022, on all counsel of record.

                                                      */s/ R. Layne Rouse*
                                                      R. Layne Rouse