IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| ERMA WILSON, | § | |
|      *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | MO:22-CV-00085-DC-RCG |
| MIDLAND COUNTY, TEXAS, | § | |
| WELDON "RALPH" PETTY, JR., and | § | |
| ALBERT SCHORRE, JR., | § | |
|      *Defendants.* | § | |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

BEFORE THE COURT are Defendant's Midland County, Texas and Weldon "Ralph" Petty, Jr.'s Motion to Dismiss (Doc. 16) as well as Defendant Albert Schorre, Jr.'s Motion to Dismiss (Doc. 19). Plaintiff Erma Wilson has filed Reponses in Opposition to both Motions. (Docs. 21, 23).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefs and the case law, the Court **RECOMMENDS** that Defendants' Motions to Dismiss each be **GRANTED**. (Docs. 16, 19).

I.     **BACKGROUND**

On April 11, 2022, Plaintiff Erma Wilson ("Plaintiff") filed her Original Complaint against Midland County, Texas, Weldon "Ralph" Petty, Jr., and Albert Schorre, Jr. (Doc. 1). Plaintiff asserts three causes of action, each under 42 U.S.C. § 1983. Specifically, cause of action one is against Midland County, Texas ("Defendant Midland County"); cause of action two is against Weldon "Ralph" Petty, Jr. ("Defendant Petty"); and cause of action three is against Albert Schorre, Jr. ("Defendant Schorre"). *Id*.

---

[1] All page number citations are to CM/ECF generated pagination unless otherwise noted.

Plaintiff's case stems from her 2001 Texas state court jury trial and conviction for "possession of a controlled substance, to-wit: cocaine," for which Plaintiff received an eight-year suspended sentence. *Id.* at 7. Plaintiff's sentence and conviction were affirmed by the Texas Court of Criminal Appeals. *See Wilson v. Texas*, No. 08-01-00319-CR, 2003 WL 1564237 (Tex. App.—El Paso Mar. 27, 2003, no pet.). Now Plaintiff brings suit for violations of her due process rights because, she asserts, she was deprived of a criminal proceeding free from either actual or perceived bias.

Plaintiff alleges that in August 2019 certain facts came to light regarding Defendant Petty. Namely, it was discovered "District Judges paid Petty for performing law clerk duties—while the District Attorney's Office also paid him as a prosecutor—from 2001 to 2014 and in 2017 and 2018." (Doc. 1 at 13). Plaintiff alleges that Defendant Petty "was both the lead prosecutor and the law clerk on more than 300 cases." *Id*. Further, Plaintiff asserts Defendant Petty, "in addition to having regular *ex parte* communications with District Judges on cases prosecuted by the District Attorney's Office, Petty surreptitiously drafted hundreds of orders and opinions for District Judges, resolving countless consequential disputes in the prosecution's (i.e., his employer's) favor." *Id*. at 15. However, "Petty's dual role and conflict of interest were not disclosed to defendants until after Petty retired" in 2019. *Id*. at 14.

Further, Plaintiff alleges that Defendant Petty employed "unique formatting and styling when drafting documents for District Judges. The styling employed by Petty was not used by the court or others in the District Attorney's Office." *Id*. at 15. Specifically, as to Plaintiff's criminal proceedings and conviction, she alleges that "[t]he County's records show that Petty invoiced Judge Hyde for work he performed on [Plaintiff]'s case while he was employed by the DA's office." (Doc. 1 at 19). Also, documents entered in Plaintiff's case "bear Petty's unique

2

formatting and style, demonstrating that Petty drafted these documents affirming the jury's verdict and imposing the terms of [Plaintiff]'s sentence." *Id*. Plaintiff also alleges that "Petty had *ex parte* communications with Judge Hyde concerning [Plaintiff]'s case." *Id*. Further, "[o]n information and belief, Petty worked as a law clerk to Judge Hyde on [Plaintiff]'s case throughout her criminal proceedings" and "advised Judge Hyde regarding [Plaintiff]'s case." *Id*. at 19–20. However, Plaintiff avers that neither she nor her lawyer were informed that Defendant Petty was working for Judge Hyde on her case. *Id*. at 20. As to Defendant Schorre, Plaintiff alleges that "[a]s the DA at the time of [Plaintiff]'s trial and the person who signed off on Petty's dual role, Schorre knew or should have known that Petty was working as a law clerk on [Plaintiff]'s case." (Doc. 1 at 20). As to Defendant Midland County, Plaintiff provides: "Through its policymakers, Midland County adopted and enforced an official employment policy or custom of permitting a prosecutor to work as a law clerk to the judges in cases he was also prosecuting and in cases in which his employer was a party." *Id*. at 24. And "also adopted and enforced an official policy or custom of concealing the fact that one of its prosecutors served as a law clerk to the judges in cases he was also prosecuting and in cases in which his employer was a party." *Id*. at 24–25.

On May 4, 2022, Defendants Midland County and Petty filed a joint Motion to Dismiss. (Doc. 16). Then, on May 26, 2022, Defendant Schorre filed his Motion to Dismiss. (Doc. 19). Plaintiff filed Responses in Opposition to both Motions (Docs. 21, 23) and Defendants subsequently filed Replies (Docs. 22, 24). Consequently, the instant matter is ripe for disposition.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to

dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. *See Twombly*, 550 U.S. at 555–56. However, a plaintiff must do more than recite the formulaic elements of a cause of action. *See id.* at 556–57. Additionally, the Court is not bound to accept as true a legal conclusion couched as a factual allegation in the complaint. *See Iqbal*, 556 U.S. at 678. Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

### III. DISCUSSION

Both of Defendants' Motions to Dismiss begin by arguing that Plaintiff's § 1983 claims are barred by *Heck v. Humphrey* and its progeny.[2] (Docs. 16 at 6; 19 at 3). In *Heck* the Supreme Court enunciated what is known as the "favorable termination requirement," by stating:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

---

[2] Both Motions contain additional arguments as to why Defendants believe dismissal is proper, however, as Defendants' *Heck* argument is dispositive, the Court does not reach Defendants' other arguments.

4

> tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486–87 (1994). Thus, as the Fifth Circuit reads *Heck*, "the Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's conviction, his claim 'is not cognizable under [section] 1983.' " *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (quoting *Heck*, 521 U.S. at 487).

Here, Defendants point out that Plaintiff's claims directly attack and seek to undermine Plaintiff's criminal conviction—she seeks civil damages for her felony conviction, which she now argues was unconstitutional. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim falls under the rule in *Heck* only when a judgment in favor of the plaintiff would necessarily imply the invalidity of a subsequent conviction or sentence."). However, Plaintiff's felony conviction has not been invalidated in any of the ways that the favorable termination requirement necessitates. *See Heck*, 512 U.S. at 486–87 ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.").

Instead of arguing that she satisfies *Heck*'s favorable termination requirement Plaintiff argues that a concurring Supreme Court opinion in *Spencer v. Kemna* and a unanimous Supreme Court opinion in *Muhammad v. Close* combine to supersede Fifth Circuit precedent and dispense with *Heck*'s favorable termination requirement in cases like Plaintiff's. (Doc. 21 at 15–17). In 1998 Justice Souter authored a concurring opinion in *Spencer v. Kemna*, stating that " '*Heck* did

not hold that a released prisoner [must satisfy the favorable-termination rule to bring] a § 1983 claim,' noting that '*Heck* did not present such facts.' " *Black v. Hathaway*, 616 F. App'x 650, 653 (5th Cir. 2015) (per curiam) (quoting *Spencer*, 523 U.S. 1, 19) (1998) (Souter, J., concurring).

However, as Plaintiff recognizes and Defendants point out, the Fifth Circuit declined to announce that *Spencer* overruled *Heck*'s favorable termination requirement. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) ("[W]e decline to announce for the Supreme Court that it has overruled one of its decisions. . . . We are mindful that dicta from concurring and dissenting opinions in a recently decided case, *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), may cast doubt upon the universality of *Heck*'s 'favorable termination' requirement. The Court, however, has admonished the lower federal courts to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and to leave to the Court 'the prerogative of overruling its own decisions.' ") (quoting *Agostini v. Felton*, 521 U.S. 203, 237 (1997)) (internal citations omitted).

Plaintiff's argument based on *Muhammad v. Close* revolves around a footnote which reads: "Members of the Court have expressed the view that unavailability of habeas for other reasons may also dispense with the *Heck* requirement. . . . This case is no occasion to settle the issue." 540 U.S. 749, 752 n.2 (citations omitted). Reading *Spencer* and *Muhammad* together, Plaintiff urges the Court to find Plaintiff's claims are not *Heck* barred. (Doc. 21 at 17).

The Court declines to do so, as the Fifth Circuit itself has stated[3] when discussing the issue:

> We recognize that *Muhammad* comes into tension with our decision in *Randell. Muhammad* indicates that *Heck's* statement

---
[3] The Court recognizes that this is in an unpublished Fifth Circuit opinion, but still finds the language helpful in its analysis.

6

> that the favorable-termination rule applies to former prisoners is dicta; *Randell,* in contrast, relied on the fact that the *Heck* court reached an "unequivocal [ ]" holding to conclude that the rule that extended to former prisoners. But *Muhammad* only stated that the application of the favorable-termination rule after a prisoner's release remains *unsettled. Muhammad* failed to effect a change in the law that would allow this panel to revisit the court's decision in *Randell.*

*Black*, 616 F. App'x at 653–54 (per curiam) (internal citations omitted). Thus, the Court does not believe it appropriate to substitute its judgment for that of the Fifth Circuit and enunciate *Muhammad* as overruling *Randell*. In fact, as Defendants point out in their respective Replies, post-*Muhammad* the Fifth Circuit has consistently held that *Heck*'s favorable termination requirement still applies post-release. *See Wiley v. Stephens*, 644 F. App'x 303 (5th Cir. 2016) ("The district court cited *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), for the proposition that the *Heck* dismissal was appropriate notwithstanding that Wiley was no longer in custody. On appeal, Wiley has failed to show that this was error.") (per curiam); *Black*, 616 F. App'x at 653–54 ("*Muhammad* only stated that the application of the favorable-termination rule after a prisoner's release remains *unsettled. Muhammad* failed to effect a change in the law that would allow this panel to revisit the court's decision in *Randell.* Therefore, Black's argument that *Heck* does not bar his § 1983 suit is unavailing.") (per curiam) (internal citations omitted); *Morris v. McAllester*, 702 F.3d 187, 192 (5th Cir. 2012) ("The fact that Morris is no longer a prisoner "in custody" for his offense and thus may not seek habeas relief does not excuse him from the 'favorable termination' rule of *Heck,* which instead relies on the dismissal of the indictment.") (citing *Randell*, 227 F.3d at 301).

Therefore, because Plaintiff cannot satisfy *Heck*'s favorable termination requirement her claims against Defendants are barred under *Heck* and dismissal is proper.

7

### IV.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's claims are barred by *Heck v. Humphrey* and its progeny. Therefore, the Court **RECOMMENDS** that Defendants' Motions to Dismiss be **GRANTED** (Docs. 16, 19) and that Plaintiff's claims be **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir 2007).

SIGNED this 9th day of September, 2022.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).